UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
PETER MONACHELLI, SR., EILEEN MONACHELLI,
ROSE DELAGI, MARCI L. DUSTIN, MARY COLETTI,
AUGUST OLIVAPOTENZA, DENISE HEALY,
BARBARA BERNARDI, JOSEPH ANTHONY
BERNARDI, WILLIAM CONWAY, JOSEPH BERNARDI,
as Father and Best Friend of VICTORIA ASHLEY BERNARDI,
a minor, DANIELLE LEE BERNARDI, a minor, JOSEPH
ANDREW BERNARDI, a minor, and LORRAINE BERNARDI,

                                        Plaintiffs,
                                                                05 Civ. 2915 (CLB)

                - against -


LAKELAND CENTRAL SCHOOL DISTRICT,

                                        Defendant.
------------------------------------------------------------------------------x   *Memorandum and Order*
CHRISTINE FAIRWEATHER, individually and as the mother
and best friend of JONATHAN ARMSTRONG and AMANDA
ARMSTRONG, minors, JASON MINOR, individually and as
father and best friend of JASON MINOR, Jr., a minor,
LYNN FAIRWEATHER, MARIE SEE, AMERIDA PJEROV,
MARY COLETTI, as mother and best friend of DONNAMARIE
COLETTI and STEVEN COLETTI, minors, MARY STRONG,
THOMAS MARTIN as Father and Best Friend of MEGHAN
MARTIN, a minor, MARIE BEERS and BIANCA BEERS,

                                        Plaintiffs,

                - against -                              05 Civ. 2916 (CLB)


BARNETT STURM, individually and in his capacity as
Superintendent of Schools for the Lakeland Central School
District, et al.,

                                        Defendants.
------------------------------------------------------------------------------x
Brieant, J.

        By motions filed on April 12, 2005 (Doc. #5 in 05 Civ. 2915, Doc. #8 in 05 Civ. 2916),

heard and fully submitted on May 6, 2005, Defendant Lakeland Central School District moves to

dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(1).    The same motion has been filed

by the School District in *Fairweather v. Sturm et al,* 05 Civ. 2916 (CLB), and has been joined by

Defendants Sturm, Damato and Palamarczuk, who are various school officials sued in both their

official and individual capacities.  Opposition papers were filed on April 27, 2005.


The following facts are assumed to be true for purposes of these motions only.  The

Plaintiffs to these actions allege that the Defendants used electronic surveillance to eavesdrop in

Plaintiffs' telephone conversations.  Both Complaints claim that this act violated federal and

state law, and that the Defendants used the information gained from this eavesdropping to their

own benefit.  Plaintiffs have brought claims for violation of 18 U.S.C. § 2520, and the Fourth

Amendment to the United States Constitution.


In these current motions, the Lakeland Central School District argues that the Court lacks

subject matter jurisdiction because of the School District's Eleventh Amendment immunity.  The

Court will first address the Plaintiffs' Constitutional claim brought under 42 U.S.C. § 1983.


The Eleventh Amendment provides that "The Judicial power of the United States shall

not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

the United States by Citizens of another State, or by Citizens or subjects of any Foreign State."

While the text of the Amendment speaks to diversity jurisdiction, it has been interpreted to

protect a State from suits brought by its own citizens arising under federal statutes.  *See Hans v.*

*Louisiana,* 134 U.S. 1, 15 (1890); *Principality of Monaco v. Mississippi,* 292 U.S. 313 (1934).

The Eleventh Amendment extends immunity not only to the State itself, but to all entities considered "arms of the state." *See Posr v. Court Officer Shield # 207*, 180 F.3d 409, 414 (2nd Cir. 1999). While Congress has the authority to override a State's Eleventh Amendment immunity under Section five of the Fourteenth Amendment, *see Fitzpatrick v. Bitzer,* 427 U.S. 455 (1976), 42 U.S.C. § 1983 is not such an exercise. *See Dube v. State University of New York,* 900 F.2d 587, 594 (2nd Cir. 1990).

This Court has held previously that school districts are "arms of the state" and thus entitled to Eleventh Amendment immunity. *See Scaglione v. Mamaroneck Union Free School Dist. et al.,* 01 Civ. 1811 (CLB), *aff'd, Scaglione v. Mamaroneck Union Free School Dist. et al.,* 47 Fed. Appx. 17 (2nd Cir. September 17, 2002); *Morris-Hayes v. Board of Educ. of the Chester Union Free School Dist.,* 03 Civ. 526 (CLB); *Montes v. Washingtonville Central School Dist. et al.,* 03 Civ. 8324 (CLB). *See also Scaglione v. Mamaroneck Union Free School Dist. et al.,* 05 U.S. App. LEXIS 4907 (2nd Cir. March 25, 2005). These decisions were rooted in the New York Court of Appeals' decision in *Lanza v. Wagner*, 11 N.Y.2d 317, 326-27 (1962) (holding that education is an integral state function), and an analysis of the various *Feeney* factors. *See Mancuso v. N.Y. State Thruway Auth.,* 86 F.3d 289, 293 (2nd Cir. 1996) (citing *Feeney v. Port Authority Trans-Hudson Corporation,* 873 F.2d 628, 630-31 (2nd Cir. 1989), *aff'd on other grounds,* 495 U.S. 299 (1990)).

The Plaintiffs rely upon *Fay v. South Colonie School Dist.*, 802 F.2d 21 (2nd Cir. 1986) to support their argument that a school district is not entitled to Eleventh Amendment immunity.

*Fay* was decided long before either *Scaglione* appeal was considered, and our Court of Appeals was aware of *Fay* when it decided *Scaglione*. Also, *Fay* was decided before the Supreme Court's decision in *Kimel v. Florida Bd. of Regents,* 528 U.S. 62 (2000), further weakening *Fay's* precedential effect. The other decisions upon which Plaintiffs rely are distinguishable in that they do not involve New York law. *See Mount Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) (applying Ohio state law); *Rosa R. v. Connelly,* 889 F.2d 435 (2nd Cir. 1989) (applying Connecticut state law). The various district court cases cited by Plaintiffs are at most persuasive authority. *See Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 430 n.10 (1996).

No reason exists to depart from this Court's prior views on this issue. Our Court of Appeals has twice affirmed this Court's holding that a school district is entitled to Eleventh Amendment immunity. *See Scaglione, 47 Fed. Appx. 17; Scaglione, 2005 U.S. App. LEXIS 4907 (2nd Cir. March 25, 2005).* The opinions of these distinguished panels are entitled to deference.[1] Our Court of Appeals considered expressly this Court's Eleventh Amendment analysis and affirmed its decision. *See Scaglione, 47 Fed. Appx. 17, *18* ("The District Court found that MUFSD is an arm of the state, and hence immune to suit under the Eleventh Amendment. We agree. . . .The § 1983 and § 1985 claims were [also] correctly dismissed as to MUFSD because of MUFSD's Eleventh Amendment immunity."). Our Court of Appeals expressed this same view in a subsequent appeal. *See Scaglione*, *2005 U.S. App. LEXIS 4907, *6* ("Finally, for

---

[1]The first panel was comprised of Judges Winter, Sack and Sotomayor. The second panel was comprised of Judges Sotomayor, Raggi and Hall.

substantially the same reasons stated by the district court, we affirm the decision of the district court insofar as it dismissed plaintiff's claims against the defendant under the [ADEA] and 42 U.S.C. §§ 1981, 1983 and 1985.").  Accordingly, this Court concludes that the Defendant School District is entitled to Eleventh Amendment immunity and Plaintiffs' Constitutional claims against it are dismissed.  The individual Defendants are entitled as well to Eleventh Amendment immunity insofar as they have been sued in their official capacity.  Plaintiffs' Constitutional claims may proceed against the Defendants in their individual capacity.

The Plaintiffs have also brought a claim under the Wire and Electronic Communications Act, 18 U.S.C. § 2510, *et seq.*  Section 2511 of the Act criminalizes "intentionally intercept[ing], endeavor[ing] to intercept, or procur[ing] any other person to intercept or endeavor to intercept, any wire, oral or electronic communication."  The Act provides a plaintiff with a civil remedy for money damages against "the person or entity which engaged in that violation [of the Wiretap Act]. . . ."  *18 U.S.C. § 2520.*  Plaintiffs argue that the Eleventh Amendment does not apply to their Wiretap claim because a State is an "entity" under the Wiretap Act and "the Second Circuit has expressly held that governmental entities are subject to liability under the Wiretap Act."  They cite to *Organizacion JD Ltd. v. United States Dep't of Justice,* 18 F.3d 91, 95 (2nd Cir. 1994) to support this assertion.

*Organizacion*, which is the only binding authority cited by Plaintiffs, is not controlling on this issue.  In *Organizacion*, our Court of Appeals considered the U.S. Department of Justice and

Drug Enforcement Agency's liability under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, *et seq,* and its civil remedy provision, § 2707(a). Our Court of Appeals concluded that "governmental 'entities' are subject to liability under § 2707(a)." It did not address liability under the provision relevant here, § 2520. Also, it did not address whether a State, which is protected by Eleventh Amendment immunity in the absence of the clearest Congressional intent to override such immunity, was a "governmental entity" under the Wiretap Act. Such Congressional intent to override the State's immunity is not clearly present on the face of the statute. The other cases cited by Plaintiffs are not controlling on this Court and are inapplicable to this case.

Because a State is not an "entity" within the meaning of the Wiretap Act, the Court concludes that Plaintiffs' Wiretap Act claim against the School District must be dismissed. Official capacity suits against Governmental officials are simply another means of suing the Government itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Accordingly, the individual Defendants are entitled to Eleventh Amendment immunity as to the Wiretap claim brought against them in their official capacity, and it is hereby dismissed. This claim may proceed against them in their individual capacity.

Even though two Defendants have not joined in the motion in *Fairweather*, the Court still dismisses Plaintiffs' claims brought against them in their official capacity. Eleventh Amendment

immunity goes to the Court's subject matter jurisdiction.  Matters affecting subject matter jurisdiction can be raised by the Court *sua sponte*.  Accordingly, the Court dismisses these claims on the ground of Eleventh Amendment immunity, which deprives this Court of jurisdiction to hear claims brought against an arm of the State and the individual Defendants in their official capacity as officials of that arm of the State.

## Conclusion

Motions granted.  The Clerk shall file a final judgment in 05 Civ. 2915.  The Court declines to make the findings contemplated by Fed. R. Civ. P. 54(b) in 05 Civ. 2916.

X

    X

        X

          X

             X

               X

                 X

SO ORDERED.

Dated: White Plains, New York
       May 17, 2005

_____
Charles L. Brieant, U.S.D.J.

SO ORDERED.

Dated: White Plains, New York
       May 17, 2005

_Charles L. Brieant_

Charles L. Brieant, U.S.D.J.